**IT IS SO ORDERED.**

**SIGNED THIS: February 7, 2020**

_____
**Mary P. Gorman
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| In re | SHAWN B. HILLS, | Case No. | 18-91109 |
| | Debtor. | Chapter 7 | |
| | SHAWN B. HILLS, | | |
| | Plaintiff, | | |
| | v. | Adv. No. | 19-09002 |
| | FIRST FINANCIAL BANK, N.A., | | |
| | Defendant. | | |

**<u>ORDER</u>**

The following having been filed:

1) Twelfth Motion to Disqualify and Motion to Perfect and Process Notice of Appeal, *Instanter* (#84)

IT IS ORDERED THAT:

| Matter | Action |
|---|---|
| 1. | For the reasons set forth herein, the Twelfth Motion to Disqualify and Motion to Perfect and Process Notice of Appeal, *Instanter* (#84) ("Twelfth Motion to Disqualify") is denied. |

The denial of the Twelfth Motion to Disqualify is based on the issue of disqualification having already been addressed at length and decided in the Opinion and Order entered December 19, 2019, denying ten motions to disqualify judge in this closed case (#71, 72). The Eleventh Motion to Disqualify, Motion for Relief from Opinion and Order, and Second Call for Resignation of Judge (#81), which was filed January 2, 2020, and docketed as a Motion to Reconsider, was likewise denied by order entered January 15, 2020 (#82). The relief repeatedly sought and twice denied by two separate orders cannot now be obtained from this Court by simply continuing to file motions demanding recusal. Because the Court has already denied the requested relief and declined to reconsider its ruling, the only available avenue of obtaining relief would have been to appeal the Court's ruling.

The Twelfth Motion, filed at 11:57 pm on the last day to file a notice of appeal, also seeks blanket protection against any application of rules or process in pursuing an appeal. Mr. Sides seeks to invoke excusable neglect prospectively as a defense to any defects that might exist or procedural hurdles that might arise in the filing and processing of a notice of appeal that, at that time, had yet to be filed.

The Debtor did subsequently file a document labeled "Notice of Appeal to the District Court," which sought to provide notice of the Debtor's appeal of "all Orders/Rulings entered against [him] in this action." But, while it appears that Mr. Sides began filing the document prior to midnight deadline, the filing process does not

seem to have been completed, or at least the transaction was not "entered," until 28 seconds after 12:00 am on January 30, 2020. Because Mr. Sides waited until the last minute to file his Notice of Appeal, there is a question as to whether the filing, which straddles the midnight deadline, was timely.

In addition, as explained in a separate order entered February 6, 2020, Mr. Sides docketed the Notice of Appeal as a motion for contempt, which resulted in a notice of deficiency from the Clerk explaining that the Notice of Appeal needed to be filed using the correct docket event. Because the Notice of Appeal was not docketed as a notice of appeal, which requires payment of a filing fee, the normal electronic billing protocol was circumvented. Bankruptcy Rule 8003(a)(3)(C) clearly requires that the filing of a notice of appeal "be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3)(C). The order entered February 6, 2020, gave Mr. Sides 14 days to pay the outstanding filing fee. As of the date of this Order, the fee remains unpaid.

The Notice of Appeal itself is also deficient as to form and content. Bankruptcy Rule 8003(a)(3) provides that the notice of appeal must "(A) conform substantially to the appropriate Official Form; [and] (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed[.]" Fed. R. Bankr. P. 8003(a)(3)(A), (B). The Notice of Appeal docketed as a motion for contempt does neither. Again, the Notice of Appeal merely states—in its entirety—that "[n]otice is hereby given that Shawn Hills, Plaintiff in the above-captioned case, hereby appeals to the United States District Court hearing appeals from the Bankruptcy Court of the Central District of Illinois from all Orders/Rulings entered against Plaintiff in this action, the last of which being on January 15, 2020." No orders, judgments, or the like are attached, and there is no indication what specific orders are being appealed. Simply put, absolutely no effort was made to conform to Bankruptcy Rule 8003.

The Twelfth Motion to Disqualify, without recognizing any of these issues, asks this Court to grant Mr. Sides a blanket waiver of compliance with the Code and Rules as it relates to the subsequently-filed Notice of Appeal. There is simply no authority

for this Court to grant the relief requested and it is therefore denied.

Whether these issues are fatal to the appeal is not for this Court to decide. The question of timeliness is jurisdictional and for the District Court to address. *See Bowles v. Russell*, 551 U.S. 205, 209 n.2, 214 (2007). Likewise, the failure to take any other steps required by the rules "is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Thus, all this Court can do is process and transmit the Notice of Appeal to the District Court Clerk, per Bankruptcy Rule 8003(c), once the extension of time to pay the filing fee has expired. Any issues regarding the adequacy of the Notice of Appeal will be reviewed and resolved by the District Court.

###