Case 19-09002   Doc 104   Filed 07/06/20   Entered 07/06/20 08:26:14   Desc Main
         Document      Page 1 of 5

2:20-cv-02041-CSB-EIL   # 11   Page 1 of 4

E-FILED
Thursday, 02 July, 2020 04:44:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| SHAWN B. HILLS, ) | |
| ) | |
| Appellant, ) | |
| v. ) | Case No. 20-CV-2041 |
| ) | |
| FIRST FINANCIAL BANK, N.A., ) | |
| ) | |
| Appellee. ) | |

## **ORDER**

Appellant did not pay the filing fee in this case. Instead, he filed a Motion for Leave to Proceed In Forma Pauperis (#4). For the reasons that follow, the court dismisses this case for lack of jurisdiction.

### BACKGROUND

This case was filed as an adversary case in the U.S. Bankruptcy Court for the Central District of Illinois on January 13, 2019. On June 27, 2019, the bankruptcy court granted Plaintiff's motion for a voluntary dismissal, dismissing the adversary proceeding with prejudice. The bankruptcy court docket sheet (#2) shows that the adversary case was closed on July 12, 2019—fifteen days after the June 27th Order dismissing the case.

On August 16, 2019, over a month after the bankruptcy court closed the adversary case, Plaintiff filed a motion seeking to disqualify the bankruptcy judge and reopen the case. Numerous additional similar motions followed, ending with a "Motion to Disqualify (Thirteenth), To Perfect Notice of Appeal, And to Proceed in the

Reviewing District Court *In Forma Pauperis*" (#1). That Motion was treated as a notice of appeal, and filed in this court on February 21, 2020.

## ANALYSIS

An indigent plaintiff in a bankruptcy action may apply to proceed without prepayment of fees under 28 U.S.C. § 1915(a). See *In re Richmond*, 247 Fed. Appx. 831, 832 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(2)(B), however, the complaint must be screened by the court and dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. *Bern v. Olsen*, 2010 WL 3910227, at *1 (W.D. Wis. Oct. 4, 2010).

Jurisdiction is a threshold issue, and the court has an independent duty to satisfy itself that it has subject-matter jurisdiction.[1] *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010). Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement of the grounds for the court's jurisdiction. Plaintiff bears the burden of proving that the federal courts have subject matter jurisdiction over a claim. See *Vavrinek v. Vavrinek*, 2013 WL 655401, at *3 (N.D. Ill. Feb. 21, 2013).

> Congress confers jurisdiction on district courts to hear appeals from final orders of a bankruptcy court "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district

---

[1] Interested Party Cristina Manuel also filed a Motion to Dismiss (#6) arguing that the appeal is untimely. That Motion is MOOT, as the court dismisses this appeal under 28 U.S.C. § 1915(e)(2)(B).

> courts and in the time provided by Rule 8002 of the Bankruptcy rules." 28 U.S.C. § 158(a)(1), (c)(2). Federal Rule of Bankruptcy Procedure 8002(a) provides that the notice of appeal must be filed within 14 days of the date of entry of the judgment or order being appealed.

*In re Sobczak–Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016).

In *Sobczak–Slomczewski*, the Seventh Circuit held that "the 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional." *Id.* at 432. Further, "there are no equitable exceptions to a jurisdictional requirement." *Id.* While "Bankruptcy Rule 8002(d)(1) . . . allows the *bankruptcy court* to extend the time to appeal due to excusable neglect upon a motion filed within 21 days after the 14-day period has expired," the Seventh Circuit found it had no jurisdiction to consider a request to excuse a late filing of a notice of appeal where the appellant "did not timely seek additional time from the bankruptcy court." *Id.* (emphasis in original). The court concluded: "Because Sobczak–Slomczewski did not file a notice of appeal within the 14-day limit, the district court never obtained jurisdiction over the bankruptcy court's order." *Id.*

Here, the bankruptcy court dismissed the adversary proceeding with prejudice in a June 27, 2019 Order granting Plaintiff's motion for a voluntary dismissal. After that Order entered, Plaintiff did not file any motions until August 16, 2019. He did not file a timely notice of appeal, nor did he timely seek additional time to do so from the bankruptcy court. Thus, this court lacks jurisdiction, and the court cannot consider any

of Plaintiff's offered excuses for the late filing of his notice of appeal. See

*Sobczak–Slomczewski*, 826 F.3d at 432.

Because this court lacks jurisdiction, it is DISMISSED at screening under 28

U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED:

(1) This case is DISMISSED. All pending motions are DENIED as MOOT.

(2) This case is terminated.

               ENTERED this <u>2nd</u> day of July, 2020.

                      s/ COLIN S. BRUCE
                      U.S. DISTRICT JUDGE

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | |
|---|---|
| **SHAWN B. HILLS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case Number: 20-CV-2041 |
| | ) |
| **FIRST FINANCIAL BANK, N.A.,** | ) |
| | ) |
| **Defendant.** | ) |

## JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT**.   This action came before the Court for a trial by jury.   The issues have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT**.   This action came before the Court, and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that case is dismissed for lack of jurisdiction.

**Dated:   July 2, 2020**

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court